## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALICIA SASCAYANAN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALBERTSON'S, ET AL.,<br><br>　　　　Defendants. | Case No. 2:06 cv 148 TC<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO WITHDRAW AND ORDER REQUIRING PLAINTIFF TO UPDATE STATUS OF CASE AND INTENTIONS TO PROCEED**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff's counsel, Bel-Ami de Montreux, has filed a motion to withdraw as attorney for Plaintiff.[1]  Approximately ten days before Mr. Montreux's motion was filed, the court entered an order granting Defendants' motion to compel deposition.[2]  In that order the court gave Plaintiff 14 days to schedule her deposition and to file "an affidavit outlining Plaintiff's efforts in complying with Defendant's discovery requests."[3]  After reviewing the record, it is apparent that Plaintiff has failed to comply with the court's prior order.  Therefore the court enters the following:

First, the court GRANTS Plaintiff's counsel's motion to withdraw.  Before withdrawing, however, Plaintiff's counsel is to provide Plaintiff a copy of this order and is required to

---

[1] Docket no. 24.
[2] *See* order dated July 12, 2007.
[3] *Id.* p. 3.

schedule her deposition date.  Plaintiff's counsel need not attend the deposition but, the deposition must be scheduled with Defendants before Plaintiff's counsel may withdraw from this case.  This is in accordance with the court's order that was entered prior to Plaintiff's counsel's motion to withdraw.

The court further ORDERS Plaintiff, Alicia Sascayanan, to provide by September 28, 2007, an update on the status of this case and her intentions to proceed.  By this same date, Ms. Sascayanan is to either obtain new counsel or enter an appearance on the record indicating she will be proceeding *pro se*.  As noted previously by this court in its July 12 order, Plaintiff filed this action and has a duty to provide discovery and prosecute her case.[4]  "Failing to prosecute a case can be grounds for sanctions including the dismissal of a case."[5]  Plaintiff is once again warned that failure to comply with this order will be grounds for dismissal of her case.[6]

DATED this 23rd day of August, 2007.

Brooke C. Wells
United States Magistrate Judge

---

[4] *See id.* p. 2.
[5] *Id.*; *see also Reed v. Bennett*, 312 F.2d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules).
[6] *See* Order dated July 12, 2007 p. 4 (warning Plaintiff for the first time that failure to comply with court orders will result in the possible sanction of dismissal of this case).